IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

BELINDA HERNANDEZ, for A.I.A.,

        Plaintiff,

v.                        Civil Action No. 4:19-cv-106

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

### REPORT AND RECOMMENDATION

Plaintiff Belinda Hernandez ("Hernandez"), on behalf of her minor son, A.I.A., seeks judicial review of the Commissioner of the Social Security Administration's ("Commissioner") final decision denying A.I.A.'s claim for supplemental security income ("SSI") under Title XVI of the Social Security Act. The Commissioner moved to dismiss this action as barred by the statute of limitations. ECF No. 14. This action was referred to me for a report and recommendation pursuant to the provisions of 28 U.S.C. § 63(b)(1)(B) and Rule 72(b) of the Federal Rules of Civil Procedure. I conclude that Hernandez's action is time-barred and thus recommend that the court deny her Motion for Summary Judgment, ECF No. 13; grant the Commissioner's Motion to Dismiss, ECF No. 14; and dismiss the case with prejudice.

## I.    Factual and Procedural Background

On June 10, 2014, while waiting at a bus stop in Florida, Hernandez and A.I.A. were struck and injured by two colliding cars. (R. at 12.)   Hernandez protectively filed an application for SSI on behalf of A.I.A. on January 9, 2015.   (R. at 96-105.)   The Commissioner denied A.I.A.'s application initially on June 1, 2015, (R. at 92-95), and again upon reconsideration on December 1, 2015, (R. at 85-91).   Hernandez timely requested an administrative hearing and received one on November 14, 2017.   (R. at 29-43, 67-84.)

In a decision dated July 23, 2018, an Administrative Law Judge ("ALJ") determined that A.I.A. was not disabled within the meaning of the Social Security Act and denied his SSI claim.   (R. at 5-28.)   Specifically, after considering the evidence of record, the ALJ found that A.I.A. had severe medically determinable impairments – history of fracture of the femur, olecranon, ulna, and facial bones – but also that A.I.A. had no impairment or combination of impairments that medically or functionally equaled the listings in C.F.R. Pt. 404, Subpt. P, App. 1.   (R. at 11.) The ALJ's decision – which was mailed to Hernandez's Florida address – included instructions on how Hernandez could request a review of the decision by the Appeals Council, as well as a notice that she must do so within sixty days from the day she received the decision.   (R. at 5-7.)

2

Hernandez did not request a review of the ALJ's decision by the Appeals Council until December 18, 2018, rendering her request untimely. (R. at 47-48.) In a letter dated February 8, 2019, the Appeals Council explained to Hernandez that her request for review was filed late and included "no statement or other information about why [she] did not file the appeal on time." (R. at 44-46.) The Appeals Council instructed Hernandez to send a statement explaining why the request was untimely, along with any supporting evidence, within thirty days from the letter's date. (R. at 44.)

The record does not show that Hernandez sent such a statement before that deadline.[1] The Appeals Council dismissed her appeal on April 19, 2019, rendering the ALJ's decision the final decision of the Commissioner. (R. at 1-4.) While notifying Hernandez of the dismissal, the Appeals Council also explained that Hernandez could file a civil action in this court for judicial review of the Commissioner's final decision, but that she must do so within sixty days from the day she received the notice of dismissal. (R. at 1-2.) The Appeals Council further explained that if Hernandez could not file a civil action within sixty days, she could ask the

---

[1] On August 2, 2019 – ninety-two days after the deadline – the Social Security Administration Office in Kissimmee, Florida, received a statement from Hernandez explaining that her delay in appealing was due to "being a single mother of 5, [and] being mentally and physically disabled." Pl.'s Mot. Summ. J. (ECF No. 13, at 111-12).

Appeals Council to extend her time to file by submitting a written request providing reasons for an extension. (R. at 2.)

The record does not show that Hernandez ever requested such an extension. On October 31, 2019, Hernandez filed a Motion for Leave to Proceed in forma pauperis. ECF No. 1. In her November 5, 2019 Complaint, Hernandez states that she received notice of the Commissioner's final decision in April 2019, but she asks the court to "see attached documents for good cause." Compl. (ECF No. 3, at 3).

Among these documents is a statement from Hernandez, which asserts that her delay in filing "was due to what [she] was experiencing in [her] life at that time [a]fter this accident on June 10,[]2014 that caused [her and A.I.A.'s] disabilities." Compl. (ECF No. 3, at 7). Hernandez explains that she was wheelchair- and bed-bound for four months, delivered premature twins in September 2015, and spent a week in jail in December 2015. Id. She also says that she suffered from homelessness and an abusive relationship, resulting in her fleeing to Virginia. Id. Hernandez separately included with her Complaint a "good cause statement," stating that she moved to Newport News, Virginia, on October 1, 2019.[2] Compl. (ECF No. 3, at 12).

_____

[2] The other documents Hernandez attached to her Complaint include a letter from a licensed clinical social worker explaining A.I.A.'s Post Traumatic Stress Disorder diagnosis and treatment; a news article covering the June 10, 2014 accident; an X-ray of A.I.A.'s

On February 28, 2019, the Commissioner moved to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). In his supporting brief, the Commissioner argues that (1) Hernandez's action should be dismissed because it was untimely, and (2) Hernandez presented no allegations that would excuse her delay. Def.'s Br. Supp. Mot. Dismiss 4-7 (ECF No. 15). The Commissioner also provided the required notice to pro se plaintiffs pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). ECF No. 16. Hernandez did not file a response.

## II. Analysis

Title 42, section 405(g) of the United States Code provides, in relevant part, that

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Social Security regulations permit the Appeals Council to extend the time in which a claimant may file a civil

___

lower extremities; and a progress note from a physical therapist. Compl. (ECF No. 3, at 9-11, 13-16). The last record of physical therapy, dated June 4, 2019, indicated that A.I.A. had made "excellent progress," had no difficulty with balance or prolonged standing, and could play basketball and ride his bike without any increase in pain. Compl. (ECF No. 3, at 15).

action "upon a showing of good cause."   20 C.F.R. § 422.210(c).
Further, "the date of receipt of notice of denial of request for
review . . . by the Appeals Council shall be presumed to be 5 days
after the date of such notice, unless there is a reasonable showing
to the contrary."  Id.

The sixty-day limit in which to file a civil action is a
statute of limitations and a waiver of sovereign immunity that
must be strictly construed.  Bowen v. City of New York, 476 U.S.
467, 479 (1986).   "[T]he statute of limitations embodied in
§ 405(g) is a mechanism by which Congress was able to move cases
to speedy resolution in a bureaucracy that processes millions of
claims annually."  Id. at 481.   However, because § 405(g) is
"unusually protective" of claimants, the court may equitably toll
the statute of limitations period "where the equities in favor of
tolling the limitations period are so great that deference to the
agency's judgment is inappropriate."   Id. at 480 (internal
quotation marks omitted).

In this case, the Appeals Council issued a notice on April
19, 2019, that it was dismissing Hernandez's request for review.
Hernandez states in her Complaint that she received the notice in
April 2019, and a copy was included in her Motion for Summary
Judgment.  Pl.'s Mot. Summ. J. (ECF No. 13, at 109-10).  Under 20
C.F.R. § 422.210(c)'s presumption that Hernandez received the
notice five days after the notice's date, Hernandez received the

6

notice by April 24, 2019. Accordingly, the sixty-day limitation period required Hernandez to commence her civil action on or before June 24, 2019.[3] The record does not show that Hernandez ever requested that the Appeals Council extend this deadline. Because Hernandez did not commence her civil action until October 31, 2019, her request for judicial review was untimely.

Moreover, Hernandez's "good cause" statements in her Complaint provide no factual basis to equitably toll the limitation period.[4] Indeed, she claims her delay was due to the hardships she suffered following her accident, including her birthing premature twins in September 2015, spending a week in jail in December 2015, and suffering from homelessness and an abusive relationship. However, all these incidents occurred years before Hernandez received notice of the Appeals Council's dismissal in April 2019. Furthermore, Hernandez's relocation to Virginia in

---

[3] The sixtieth day fell on June 23, 2019, a Sunday. Under Federal Rule of Civil Procedure 6(a), a deadline that falls on a Saturday, Sunday, or legal holiday is extended to the next day that does not fall on a weekend or legal holiday. Fed. R. Civ. P. 6(a)(1)(C). In this case, therefore, Rule 6(a) extended the deadline to file a civil action to Monday, June 24, 2019.

[4] "[A] pro se litigant is entitled to a liberal reading of her pleadings." Jacobi v. Blocker, 153 F.R.D. 84, 86 (E.D. Va. 1994). Moreover, "trial courts are encouraged to liberally treat procedural errors made by pro se litigants, especially when a technical or arcane procedural rule is involved." Bauer v. Comm'r, 97 F.3d 45, 49 (4th Cir. 1996). Accordingly, I have evaluated Hernandez's "good cause" statement as a request to equitably toll the limitations period.

7

October 2019 occurred more than three months after her filing deadline of June 24, 2019. Hernandez has offered no other explanations as to why she could not have timely filed her civil action. As such, Hernandez is not entitled to equitable tolling.

### III. Conclusion and Recommendation

For the foregoing reasons, I conclude that Hernandez's action is time-barred. Accordingly, I recommend that the court DENY her Motion for Summary Judgement, ECF No. 13; GRANT the Commissioner's Motion to Dismiss, ECF No. 14; and DISMISS the case WITH PREJUDICE.

### IV. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia
July 6, 2020

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed
this date to:

**A.I.A. c/o Belinda Hernandez**
304 Civil Court, Unit A
Newport News, Virginia 23608

and an electronic copy was provided to:

**Joel Wilson**
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510

Fernando Galindo, Clerk

By ___E. Price_____
        Deputy Clerk

___July 7_____, 2020